ACTION of covenant on a policy of insurance by James C. Lattomus against the Farmers' Mutual Fire Insurance Company. One of the pleas was that after the execution of the policy in question, the plaintiff sustained a loss to the amount of $1,047.35, by fire, of a portion of the goods insured, and at the same time the same goods were insured in the Kent County Mutual Insurance Company to the amount of $1,200.00, which was also the amount of the insurance under the policy of the defendants, and according to the by-laws of the defendants they became liable only for such proportion of the loss, as the amount insured by them bore to the whole amount insured on the goods, which was one-half of the loss, and had contributed and paid to the plaintiff on his demand their, proportion thereof. The plea further averred that according to the usage and custom of the said Farmers' Mutual Fire Insurance Company, of the State of Delaware, such payment and contribution was a satisfaction in full and a *Page 255 
discharge of said policy, and also of all the obligations and liabilities of the defendants under the same, and that the said policy thereby became void and of no effect, and that the plaintiff had due notice of such usage and custom of the company. And to which plea the plaintiff demurred generally.
T. F. Bayard, for the Plaintiff. The plea was fatal on general demurrer, for no particular usage or custom of a company can control, or be pleaded against the express stipulations of a contract, which in this case was for the whole amount of the goods burnt. There was no such limitation or qualification in the policy of the defendants held by the plaintiff, and even if there was such a usage or custom of the company, and he had full notice of it, it could have no effect to contradict or vary their express and written contract to the contrary, because none but a general custom having the effect and operation of a general rule or law in such a case, could be so pleaded, and there was no pretense for saying that this was such a custom. 3 Kent'sCom. 260. Case of Schooner Reiside, 2 Sum. 569. Astor v. U. I.Co. 7 Cow. 203.
Gordon, for the Defendants, replied.
The Court gave judgment for the plaintiff on the demurrer.